■ In the Matter of the SOCIETY OF THE NEW YORK HOSPITAL, Petitioner, v. NEW YORK STATE LABOR RELATIONS BOARD, Respondent, and MAINTENANCE DIVISION OF THE BUILDING AND CONSTRUCTION TRADES COUNCIL OF GREATER NEW YORK, AFL-CIO, et al., Intervenors-Respondents.— Order, New York State Labor Relations Board, dated November 5, 1971, directing petitioner hospital to bargain collectively with intervenor union as exclusive bargaining representative of the hospital's skilled maintenance employees, unanimously annulled, on the law, the proceeding remanded to respondent Labor Board for a hearing anew on the question of appropriate bargaining unit, and the cross petition of respondent Labor Board seeking enforcement of its order dismissed, all without costs and without disbursements. In arriving at its conclusion as to the appropriate unit, the board relied upon transcripts of outdated hearings on the subject, inappropriately placing upon petitioner the burden of disproving the applicability of the earlier evidence. (See *State Labor Relations Bd.* v. *Shattuck Co.*, 260 App. Div. 315, 321.) Remand is required to assure that pertinent evidence on the subject of appropriate bargaining unit, updated to the time of the hearing, may be considered. (See *Matter of Roosevelt Hosp.* v. *State Labor Relations Bd.*, 39 A D 2d 889, 890.) Concur — Stevens, P. J., Markewich, Nunez, Murphy and Tilzer, JJ.

■ In the Matter of the Arbitration between OLIVIA SAVAGE et al. and AMERICAN HOME ASSURANCE COMPANY et al.— Motion granted and the order of this court entered on April 11, 1972 [39 A D 2d 523], is modified by deleting the last sentence thereof and substituting therefor the following sentence: "Appellant shall recover of respondent, Allstate Insurance Company, $30 costs and disbursements of this appeal." Concur — Stevens, P. J., Nunez, Murphy, McNally and Capozzoli, JJ.